**Joseph A. Devenow, Jr. and Joseph A. Devenow, III, d/b/a Devenow's Electric v. Stuart St. Peter**

[356 A.2d 502]

No. 108-75

Present: Barney, C.J., Smith, Daley and Larrow, JJ., and Keyser, J. (Ret.), Specially Assigned

Opinion Filed April 6, 1976

*Corsones & Griffin,* Rutland, for Plaintiffs.

*J. Fred Carbine, Jr.,* Rutland, for Defendant.

**Smith, J.** On February 5, 1973, the plaintiffs and the defendant entered into a written agreement, consisting of a proposal submitted by the plaintiffs and accepted by the defendant, for certain electrical work and wiring to be done on premises owned by the defendant. Defendant agreed to pay the plaintiffs the sum of $733.90. The work to be performed was specified in the agreement, which also contained the words, "Any alteration or deviation from the above specifications involving extra costs, will be executed only upon written orders, and will become an extra charge over and above the estimate." Defendant paid $370.00 to the plaintiffs at the time the agreement was signed.

Shortly after the plaintiffs started their work under the agreement, they were advised by the state electrical inspector that the existing wiring in the premises, which they had expected to use, would not pass state inspection. When informed of this fact, the defendant told the plaintiffs, "If it has to be done; it has to be done."

The dispute brought to this Court by the appeal is not any disagreement as to the completion of the work originally contracted for, nor for the payment of the balance due on that written agreement. Defendant admits his liability for the sum still due under the original agreement. What the defendant is claiming here, as he did below, is that the additional work which the plaintiffs did in order to bring the existing wiring up to a standard which would meet state inspections, and the charges therefore, was a deviation from the original contract between the parties for which he could be held liable only upon his written order. The basis of his contention is that the work done by the plaintiffs was outside that specified in the contractual agreement between the parties and was an altera-

tion of that agreement thereby requiring the defendant's written consent. The lower court made findings of fact, to which the defendant did not take exception, and awarded judgment to the plaintiffs for the full amount sought.

It is apparent that the decision of the lower court was based largely upon Finding of Fact 10, "The installation of new wiring in the premises owned by the Defendant Stuart St. Peter, was not an alteration or deviation contemplated under the terms of the written agreement between the parties but was instead additional work that had to be done to meet state standards."

If the lower court had found that the installation of the new wiring in the premises of the defendant by the plaintiffs had been an alteration or deviation from the original contract between the parties, the defendant's assertions that a written contract cannot be varied by parol evidence might have some validity. But the fact is that the court did not so find, but rather found that the new wiring was installed by the plaintiffs, with the assent and under the observation of the defendant pursuant to a separate oral agreement. The defendant has not attacked this finding. When findings of fact have not been challenged on appeal they must be construed to support the judgment. *Bolduc* v. *Coffin*, 133 Vt. 67, 69, 329 A.2d 655 (1974). Indeed, as we have already seen, the defendant admits that the original written contract between the parties has been completed, and that he is liable for the balance due thereon. Nothing has been demonstrated here that the lower court misapplied the law in making its unchallenged findings that the wiring for which the plaintiffs seek payment was not a deviation or alteration of the original agreement.

What the lower court determined, supported by its uncontested findings, is that there were two contracts between the plaintiffs and the defendant; namely, the written contract, which was admittedly fully performed, and a later oral contract without a contract price for the additional work done on the premises of the defendant. In the absence of an agreement on the price, the defendant was to pay for the work done by the plaintiffs under the oral contract on the basis of a quantum meruit theory of recovery. Finding No. 17 finds that the charges made by the plaintiffs for work done under the oral

contract were fair and reasonable, and Finding No. 19, not contested, states that the plaintiffs are entitled to $1,502.70 on the oral contract, plus the admitted liability of the defendant under the written contract of $429.90. No error has been made to appear.

*Judgment affirmed.*